Good afternoon, Your Honors. May it please the Court. I'm Paul Lemiatas for Con Edison. I'd like to start with the standing issue under USERRA. The plaintiff's USERRA claim in this case is based entirely on allegations that the plaintiff was assigned more work and less desirable work than his peers because of his military service. This is simply not the type of alleged wrong for which USERRA provides a remedy. USERRA's remedies are very limited. They're limited to lost wages and benefits, injunctive relief, and liquidated damages equal to the amount of lost wages and benefits. The plaintiff here does not and cannot allege that he lost any wages or benefits as a result of simply being assigned more work or less desirable work than his peers. And there's no possibility for injunctive relief in this case because the plaintiff quit working for Con Edison in 2012. And there is no constructive discharge claim based on USERRA anywhere in this case. If there was, let's assume that the complaint alleges such a claim of constructive discharge, would that give him standing? If the complaint adequately alleged a constructive discharge, yes. This complaint does not. And the state court addressed the issue of constructive discharge and dismissed. This court has not previously addressed this issue. But courts outside the circuit that have have uniformly held that a plaintiff has no standing to sue under USERRA where there is no claim in the case redressable by an award of lost wages or benefits or injunctive relief. So that's what we have here. The statute cannot possibly provide a remedy to Mr. Lavelle in this action. Therefore, he has no standing, and the district court's dismissal of the USERRA claim should be affirmed on that basis. On the race judicata issues, the state court's dismissal of the predicate action for failure to state a cause of action was a final decision on the merits entitled to race judicata effect. The alternative basis for dismissal, the plaintiff's election of remedies, did not deprive the state court of its subject matter jurisdiction or its power to dismiss the case for failure to state a cause of action. Now, this Court's decision, this Court's 1995 decision in Moody v. Federal Reserve, first of all, that case is distinguishable. It should not be followed in this case. First of all, Moody was addressing the jurisdiction of the Federal District Court in the context of deciding whether the election of remedies defense was waivable. Moody did not address the jurisdiction of the New York State Supreme Court under the New York Constitution and the New York Human Rights Law. To the extent Moody could be construed as interpreting State law as applied to State court jurisdiction, Moody is inconsistent with firmly established principles of New York State law emphasized by the New York Court of Appeals in cases such as Lax v. Lax and Thrasher, those principles being that the State Supreme Court is a court of general jurisdiction. That jurisdiction is vested by the Constitution. And that jurisdiction cannot be divested by statute absent explicit language in the statute that does so, that deprives the State court of its jurisdiction that otherwise exists under the Constitution. Additionally, those New York Court of Appeals cases stand for the proposition that statutory limitations on a plaintiff's right to commence an action under State law do not deprive a State court. The State court of subject matter jurisdiction over that action. The provision of the Human Rights Law in question, section 297.9, presumes that the State court has jurisdiction over plenary actions for employment discrimination. So the statute creates the cause of action. It makes an exception in the case of an election of remedies. So the plaintiff, where the plaintiff has elected his or her remedies by first going to the State Division of Human Rights and the election of remedies bar applies, that deprives the plaintiff of the cause of action, which does not deprive the State court of jurisdiction as a matter of State law. So that was Moody's — that's the basis for which Moody's should be overruled to the extent it addresses State court jurisdiction. Moody is further called into doubt by recent decisions of the Appellate Division's Second Department in Lucky v. Rodriguez, which explicitly ruled that a plaintiff's election of remedies under the Human Rights Law does not implicate the State's jurisdiction over the action. So the State court's decision was a final decision for race judicata purposes. It was on the merits. It's entitled to race judicata effect. On this point — Kennedy, on the merits. Yes. That's what the Federal rule would be. That's what I have taught students in civil procedure. And that's what the restatement of judgments says. And as you point out, the New York Court of Appeals typically follows the restatement of judgments. Unfortunately, there are all these Appellate Division decisions that take a contrary view, right? There are Appellate Divisions that take that view. There are Appellate Division cases that take the opposite view as well, which we've cited, which I mentioned, Lucky and the Rodriguez cases. So it's really unresolved in the State system. So I think it's — I mean, the standard that this Court typically follows is trying to address, is trying to determine how the New York Court of Appeals would decide it. And the New York Court of Appeals routinely follows the restatement second of judgments on the subject of race judicata. So we think if the Court of Appeals, if the New York Court of Appeals were to address this issue, they would follow the Federal rule, as this Court did in Cherry v. Village of Patchogue. But additionally, even if that decision, the State court decision, were not on the merits, it would still be entitled to race judicata effect as a matter of State law based on the Linton case and other Court of Appeals cases which are cited in the brief, which stand for the proposition that where the second action is based on the same defective allegations as raised in the first action and rejected by the first court in that predicate action, race judicata applies regardless of whether that predicate decision was on the merits or not. And here we have the same allegations. Finally, on the jurisdictional issue, the State court unquestionably would have had brought it in State court because State courts presumptively possess jurisdiction over Federal claims unless the Federal statute specifically explicitly divests the State courts of that jurisdiction, which USERRA does not do. And I've cited the Yellow Freight case which follows, which interprets the Title VII, almost identical language in Title VII's jurisdictional provision. So the State court would have had jurisdiction. So for these reasons, the dismissal, the district court's dismissal of Mr. Lavelle's USERRA claim should be affirmed. If there are no further questions, I'll rest on the brief. Thank you. Thank you. Well, was there a decision? That's the last case on calendar.